UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAFAEL FERNANDEZ RIVERA,

Petitioner,

v.

BRUCE SCOTT,et al.,

Respondent.

CASE NO. 2:26-cv-03541-BAT

**ORDER GRANTING PETITION AND DIRECTING IMMEDIATE RELEASE**

The Court **GRANTS** the petition for writ of habeas corpus filed on September 21, 2026, and **ORDERS** Respondents to immediately release Petitioner from immigration detention and to file a certification of release no later than October 15, 2026 for the following reasons.

This Court ordered Respondents to show cause by October 7, 2026 why Petitioner should not be granted the habeas relief that he seeks, Dkt. 6, and Respondents have violated the Court's order by failing to response as directed. On October 13, 2026 Petitioner who proceeds *pro se* requested the Court grant habeas relief because Respondents have failed to oppose his petition. Dkt. 7.

Petitioner has exercised his constitutional to seek habeas relief from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ of habeas corpus protects the most fundamental of all rights—the right to speedy judicial review into the legality of an individual's

detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This Court thus possesses the jurisdiction to grant habeas relief to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention ....").

Under 28 U.S.C. § 2243, this Court is required to either forthwith grant a writ of habeas corpus or issue an order directing Respondents to show cause. An order to show cause shall be returned within three days absent a good cause extension "not exceeding twenty days." *Id*. A speedy review of a habeas writ protects detainees who as a matter of law should be released from detention. *Walker v. Johnston*, 312 U.S. 275, 284 (1941). Thus, this Court can grant Petitioner's writ forthwith if Respondents fail to respond and controvert Petitioner's factual assertions and Petitioner is entitled to release as a matter of law.

Here, Petitioner filed a 40-page habeas petition on September 21, 2026. Petitioner alleges he is detained in this district at the Northwest ICE Processing Center. He alleges he his 42B cancellation of removal application and T-Visa application are pending before the Bureau of Immigration Appeals (BIA); he has lived in the United States since 2001; has lived at the same address for over 10 years with his four children who are U.S. citizens; and has paid property and income taxes every year. He alleges that on May 19, 2026, he was arrested without being able to explain his situation or consult with legal counsel and taken directly to immigration detention.

On July 28, 2026, Petitioner applied for cancellation of removal and an immigration judge (IJ) denied review and ordered removal. On September 14, 2026, Petitioner applied for a bond hearing and presented evidence including records showing payment of taxes for the last twelve years; US citizen sponsorship; a parent's permanent residence; details about Petitioner's

children and their medical needs; 20 letters of support from family, friends and community members who are US citizen or have lawful status.

Petitioner contends his detention is governed by 8 U.S.C. § 1226(a) which is supported by the fact he was granted a bond hearing before an IJ. As a detainee held under § 1226(a), Petitioner contends due process, under the *Mathews* test, compels his release because he was denied any notice of why he was being detained and not provided a detention hearing before a neutral decision maker. He contends the belated bond hearing held months after he was initially detained "does not cure the violation which has already occurred." Petitioner also contends he should be released because the IJ abused his discretion in denying bond. In specific, Petitioner contends the IJ provided no rationale or reason for detaining Petitioner and "made no mention at the hearing of the *Guerro* factors." He further contends the government presented no evidence contesting the evidence he presented in support of bond. Petitioner also contends he has appealed the denial of bond, and that further exhaustion of administrative remedies should be waived as a prudential matter.

Respondents were ordered to show cause by October 7, 2026 why Petitioner should not be granted the habeas relief he requests. Respondents failed to respond, and the Court accordingly finds:

Petitioner has pleaded sufficient facts to establish he is entitled to be immediately released as a matter of law. Petitioner has lived in the United States for 25 years and at the same residence for over ten years with his citizen children. His detention is thus governed by 8 U.S.C., § 1226(a) and when he was initially arrested, he was entitled to predetention notice and hearing before a neutral decision maker. He was denied these procedural protections and instead taken immediately to the Northwest ICE Processing Center. The Court finds each of the *Mathews v.*

*Eldridge*, 424 U.S. 319, 334-335 (1976) factors favor release: Petitioner liberty interest in freedom from detention and risk of erroneous deprivation of liberty are high and the government's interest in holding Petitioner while his applications are resolved is low. The Court finds that four months after Petitioner was arrested and detained by immigration agents, an IJ conducted a bond hearing. This post-deprivation bond hearing is an insufficient remedy to the original violation —Respondents' failure to provide predetention notice and a hearing. Hence immediate release is warranted for this reason. Additionally, while an IJ belatedly conducted a bond hearing, Petitioner has persuasively alleged the IJ abused his or her discretion in denying bond. Petitioner avers he submitted substantial and unrebutted evidence that he has lived in the United States at the same residence for decades, has substantial family and community ties to this country, and was employed and paid property taxes for many years. Petitioner avers the IJ provided no rationale for denying bond and further failed to mention any of the *Guerro* factors in denying bond.

The Court accordingly **ORDERS**:

1. Respondents shall immediately **RELEASE** Petitioner no later than the end of today, **October 14, 2026** and file with the Court a certification that Petitioner has been released from immigration custody no later than 5:00 pm on October 15, 2026.

DATED this 14th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge